UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ALBERTO E., <br>     Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO,[1] Commissioner <br> of the Social Security Administration, <br>     Defendant. | C.A. No. 24-cv-400-JJM-PAS |

### MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Before the Court are competing motions—Plaintiff Alberto E.'s Motion to Reverse (ECF No. 10), and Defendant Commissioner of Social Security Administration Frank Bisignano's Motion to Affirm the Decision of the Commissioner. ECF No. 12.

### I.   FACTS AND BACKGROUND

Alberto is a 50-year-old man.[2] He worked as a parts inspector and machine operator. He asserts that he is disabled because of severe depressive disorder, chronic hypertrophic cardiomyopathy,[3] obsessive-compulsive disorder, gastroesophageal

---

[1] Under Fed. R. Civ. P. 25(d), Frank Bisignano has been substituted for Acting Commissioner Leland C. Dudek as the defendant here.

[2] Alberto turned 50 years old at the time the claims was before the ALJ for the second time.

[3] A chronic condition where the heart muscle, particularly the left ventricle, thickens, making it harder for the heart to pump blood effectively

reflux disease, gout, headaches, and high cholesterol.  He has been unable to work since July 2018.

Alberto applied for disability benefits and the Administrative Law Judge ("ALJ") denied his claim.  He appealed the decision; on appeal, the Commissioner agreed that a remand was necessary and asked the Court to "instruct the ALJ to reevaluate the evidence in accordance with the agency's regulations and policies, offer plaintiff the opportunity for a hearing, take further action to complete the administrative record and issue a new decision."  *See Alberto E. v. Kijakazi*, C.A. No. 22-336-JJM (ECF No. 11).  On remand, the Appeals Council instructed the ALJ to:

> • *Give further consideration to the medical source opinion(s)* pursuant to the provisions of 20 C.F.R. § 404.1520c;
> • *Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations* (20 C.F.R. § 404.1545 and Social Security Ruling 96-8p); and
> • If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14).  The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole.  The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. § 404.1566).  Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

ECF No. 7-13 at 33 (emphasis added).

The case was remanded back to the same ALJ who initially denied Alberto's claim. The ALJ, acting on the Appeals Council's instructions, again denied Alberto disability benefits. Alberto appeals to this Court on three grounds: "(1) Substantial evidence does not support the ALJ's Residual Functional Capacity (RFC) finding because the ALJ failed to fully and fairly evaluate the medical opinion evidence and, therefore, excluded important undisputed limitations; (2) The ALJ erred by failing to find Alberto disabled as of his 50th birthday pursuant to the Medical Vocational Guidelines; and (3) The ALJ's determination as to Alberto's credibility is not supported by substantial evidence because it fails to identify any evidence that actually contradicts his description of the limitations that arise out of his well-documented impairments." ECF No. 10-1 at 1-2.

## II.   STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). That said, the ALJ's findings are "not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

"Congress designed [the Social Security Act as a whole] to be 'unusually protective' of claimants." *Smith v. Berryhill*, 587 U.S. 471, 482 (2019) (*citing Bowen v. City of New York*, 476 U.S. 467, 480 (1986)). Social Security is

> a program of social insurance on which people can rely to provide for themselves and their dependents. Claimants are the beneficiaries of insured wage earners, not recipients of government gratuities, and are entitled to a broad construction of the Act. In practical terms, *when a Social Security Act provision can be reasonably interpreted in favor of one seeking benefits, it should be so construed*.

*Cunningham v. Harris*, 658 F.2d 239, 243 (4th Cir. 1981) (emphasis added). Therefore, the Court focuses throughout its determination that the Social Security Act is a remedial statute that must be broadly construed and liberally applied and whose purpose is to mitigate the rigors of life for those who are disabled or impoverished. *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965); *Slessinger v. Sec'y of Health & Hum. Servs.*, 835 F.2d 937, 943 (1st Cir. 1987) ("[t]he principle of liberal construction governs interpretations of the Social Security Act itself.").

### III. DISCUSSION

#### A. RFC Determination

The ALJ determined that Alberto had the RFC to perform *light work* (as defined in 20 C.F.R. § 404.1567(b)), with the following limitations:

> He could occasionally climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds. The claimant could do simple, routine, repetitive tasks, in a work environment free of fast-paced production requirements, involving only simple work-related decisions, with few, if any, workplace changes. The claimant could not do assembly line type

>work (i.e., working in close tandem with co-workers, at an outwardly set pace), but could do individual table and/or bench work. He could have occasional contact with the public, and superficial (i.e., brief, routine, perfunctory) contact with co-workers.

ECF No. 7-2 at 91.

Alberto asserts that substantial evidence supports the finding that he could only do *sedentary unskilled work*, and because he had turned 50 years old, the Grids require that he be found disabled if sedentary work was his RFC. *See* 20 C.F.R. part 404, Subpart P, Appendix 2, § 201.00, Table No. 1, Rule(s) 201.14. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, . . . [j]obs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *See* 20 C.F.R. § 404.1567, 416.967.

The ALJ's determination of Alberto's RFC is flawed because he did not include substantiated off-task or absenteeism limitations in his hypothetical to the vocational expert. These limitations were well-documented in six opinions from three of Alberto's treating providers. Additionally, two of the Commissioner's reviewing psychologists noted that he was moderately limited in his ability to complete a workday and work week due to sustained concentration and persistence limitations leading to "variability in attendance, concentration, work pace, and work persistence due to mood and pain symptoms." ECF No. 7-3 at 30, 47. The failure to include such limitations in the hypothetical given to the vocational expert constitutes error. *Arocho v. Sec'y of Health & Hum. Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) ("in order

5

for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the medical authorities.").

The result was an RFC finding that was not supported by substantial evidence–i.e., not reasonable–because Alberto's symptoms from his combination of impairments would have caused him to periodically to be unable to attend work and the ALJ failed to specifically to assess the issue of absenteeism. *Jacquelyn V. v. Kijakazi*, C.A. No. 21–314-MSM, 2023 WL 371976, at *5 (D.R.I. Jan. 24, 2023), adopted by text order (D.R.I. Mar. 7, 2023). It is clear error for an ALJ to ignore the impact of multiple impairments on claimant's ability to work, each of which could impact attendance, particularly where it is "undisputed that [the claimant's medical] issues required ongoing treatment throughout [an extended period]." *Sacilowski v. Saul*, 959 F.3d 431, 435-36 (1st Cir. 2020); *see* 20 C.F.R. § 416.923(b) (requirement for treatment of combined effect of multiple impairments).

The Commissioner asserts that "this case has medical evidence on both sides of the ledger." ECF No. 12 at 1.[4] Therefore, they advocate that the Court must defer to the ALJ's findings. But such position misunderstands the role of the Commission, which initially must determine whether substantial evidence supports the claimant's disability. "[T]he Social Security Act should be construed liberally in order to further

---

[4] The ALJ failed to follow the instructions from the Appeals Council to "[g]ive further consideration to the medical source opinion(s) . . . and to [g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations."

its remedial purposes." *Slessinger*, 835 F.2d at 943 (citing *Cunningham*, 658 F.2d at 243). The fact that the Commissioner could equally have found support for denying benefits, turns the standard, and the purpose of the Social Security Act on its head. The initial and ultimate question is, "Has the claimant proved his disability and entitlement to benefits?" Here the answer is unmistakably yes.

## IV. CONCLUSION

The Court need go no further.[5] For the reasons discussed above, the Court GRANTS Alberto E.'s Motion to Reverse the Decision of the Commissioner, ECF No. 10, and DENIES the Commissioner's Motion to Affirm, ECF No. 12. Judgment will enter under sentence four of 42 U.S.C. § 405(g) directing that Alberto E.'s claims be allowed, a finding of disability be entered, and his benefits awarded.

IT IS SO ORDERED.

*/s/John J. McConnell, Jr.*
_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 5, 2025

---

[5] The Court does not address the second issue Alberto raises but does note that the ALJ also erred by failing to find Alberto disabled as of his 50th birthday under the Medical Vocational Guidelines.